AGOSTINO TROIANO, PLAINTIFF-RESPONDENT, v. WIL-
LIAM BAKER, DEFENDANT-APPELLANT.

Submitted March 23, 1914—Decided June 15, 1914.

Where the plaintiff has established a *prima facie* case as to any part of a divisible cause of action, a motion to nonsuit cannot prevail even if a part of the claim is barred by an unquestioned rule of law, for the plaintiff is entitled to have the verdict of a jury on the case made.

On appeal from the Supreme Court.

For the plaintiff-respondent, *Frank G. Turner.*

For the defendant-appellant, *Marshall Van Winkle.*

The opinion of the court was delivered by

BERGEN, J.  The plaintiff brought this action to recover damages for a breach of contract, the contract being that the defendant, who was constructing a public highway, would arrange to have his laborers board with plaintiff, and deduct from the wages of the workmen the price of such board and pay it to the plaintiff, the breach alleged being a refusal by the defendant to perform either promise; the plaintiff also claimed the value of a desk taken and retained by the defendant, worth, according to the evidence, $27.  At the close of plaintiff's case the defendant moved for a nonsuit upon the ground that as the contract proven was oral and not to be performed within a year, it was void under the statute of frauds. The trial court refused the motion, holding that the statute did not apply, and also that there being proof that defendant had retained the desk and that its value was $27, the court could not nonsuit plaintiff, who was entitled to go to the jury on the proofs relating to the desk.  There was an exception noted on the record to this ruling, and that is the only exception shown.  The defendant did not move, at the close of the case, for a direction in his favor as to the claim made under the contract, nor was any request to charge, or exception taken to the charge of the court on that subject. By his notice of appeal the defendant appeals "from the whole of said judgment entered in this cause except an item of $27 as below stated."

Counsel for the parties argued with much earnestness the question whether this contract was within the statute of frauds, without observing that the only alleged error upon which this appeal can rest is the refusal of the motion to nonsuit, and clearly such motion could not prevail as to the claim of the plaintiff for the value of the desk.  We cannot consider the very interesting question argued for the reason it is in no way raised except on the motion for a nonsuit,

the refusal of which was not error in the state in which the record stood when it was made.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR- RISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 12.

*For reversal*—None.